UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SIGNATURE FINANCIAL LLC, | ) | |
| | ) | |
| Plaintiff, | ) | 18 C 4676 |
| | ) | |
| vs. | ) | Judge Gary Feinerman |
| | ) | |
| YASYA SHTAYNER, SEMYON SHTAYNER, 2ND AVENUE TAXI CORP., 3 ANGELS CAB CORP., 3RD AVENUE TAXI CORP., 6TH AVENUE TAXI CORP., 7TH AVENUE TAXI CORP., 8TH AVENUE TAXI CORP., 9TH AVENUE TAXI CORP., ASHLAND AVENUE TAXI CORP., ASPIRE CAB CORP., CARROLL AVENUE TAXI CORP., EMPIRE TAXI INCORPORATED, GREY GOOSE CAB CO., HANDY CAB TAXI CORP., LEXINGTON TAXI CORP., MADISON TAXI CORP., MONSOON TAXI CORP., RIVERSIDE TAXI CORP., SAM & SONS TAXI CORP., SECOND CITY TAXI CORP., STOLI CAB CO., WEST END TAXI CORP., and YORK AVENUE TAXI CORP., | ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

In August 2019, the court entered a large judgment for Signature Financial LLC against Semyon Shtayner, Yasya Shtayner, and numerous corporations of which they are the principal shareholders. Docs. 92-93. After the court denied Signature's initial motion for writs of execution on property that the Shtayners asserted they did not own, Doc. 100, Signature issued citations to discover assets on them, Doc. 104. In compliance with the citations, the Shtayners produced documents regarding their assets and the assets of the corporate defendants, and they appeared for their depositions. Doc. 123-3; Doc. 123-4; Doc. 137 at 3.

Before the court are two motions filed by Signature. The first is a motion for the issuance of charging orders against the Shtayners' distributional interests in certain non-party limited

1

liability companies. Doc. 120. The second is a motion for a turnover order and writ of execution directing the Shtayners and most of the corporate defendants—2nd Avenue Taxi Corp., 3rd Avenue Taxi Corp., 6th Avenue Taxi Corp., 7th Avenue Taxi Corp., 8th Avenue Taxi Corp., 9th Avenue Taxi Corp., Ashland Avenue Taxi Corp., Aspire Cab Corp., Carroll Avenue Taxi Corp., Empire Taxi Incorporated, Grey Goose Cab Co., Lexington Taxi Corp., West End Taxi Corp., and York Avenue Taxi Corp. ("Entity Judgment Debtors")—to turn over certain taxi medallions and shares in a certain non-party corporation. Doc. 123. The motion for issuance of charging orders is denied, and the motion for a turnover order and writ of execution is granted as to Entity Judgment Debtors and denied as to the Shtayners.

## Discussion

Civil Rule 69 provides that post-judgment execution proceedings are governed by state procedural law. *See* Fed. R. Civ. P. 69(a)(1) ("The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies."). Both sides agree that that Section 2-1402 of the Illinois Code of Civil Procedure, 735 ILCS 5/2-1402, governs here. Docs. 133-134, 136-137. Section 2-1402(b-1) provides: "Any citation served upon a judgment debtor who is a natural person shall be served by personal service or abode service as provided in Supreme Court Rule 105 and shall include a copy of the Income and Asset Form set forth in subsection (b-5)." 735 ILCS 5/2-1402(b-1). Section 2-1402(b-10) provides: "Any action properly initiated under this Section may proceed notwithstanding an absent or incomplete Income and Asset Form, and a judgment debtor may be examined for the purpose of allowing the judgment creditor to discover income and assets belonging to the judgment debtor or in which the judgment debtor has an interest." 735 ILCS 5/2-1402(b-10). Section 2-1402(c)

provides that "[w]hen assets or income of the judgment debtor not exempt from the satisfaction of a judgment … are discovered, the court may, by appropriate order or judgment[,] … [c]ompel the judgment debtor to deliver up … [the assets] so discovered, … [or] [c]ompel any person cited, other than the judgment debtor, to deliver up any assets so discovered, to be applied in satisfaction of the judgment … when … the judgment debtor … could recover them in specie or obtain a judgment for the proceeds or value thereof." 735 ILCS 5/2-1402(c). And Section 2-1402(c-5) provides: "If a citation is directed to a judgment debtor who is a natural person, no payment order shall be entered under subsection (c) unless the Income and Asset Form was served upon the judgment debtor as required by subsection (b-1), the judgment debtor has had an opportunity to assert exemptions, and the payments are from non-exempt sources." 735 ILCS 5/2-1402(c-5).

The Shtayners oppose Signature's motions on two grounds, which are considered in turn.

**I.      Service of the Citations**

The Shtayners argue that Signature's motions should be denied because it did not personally serve the citations on them by personal or abode service, as required by Section 2-1402(b-1). Doc. 133 at 7-9; Doc. 134 at 7-9. Signature concedes that it did not personally serve the citations on the Shtayners. But it is undisputed that Signature provided the citations to the attorney who at the time was representing the Shtayners in this suit. Doc. 120-2 at 2-6, 11-15; Doc. 133 at 3; Doc. 134 at 3. And it also is undisputed that the Shtayners received actual notice of the citations, as they produced documents and sat for depositions in compliance therewith. Doc. 123-3; Doc. 123-4; Doc. 137 at 3. The question here, then, is whether Signature's failure to effect personal service in accord with Section 2-1402(b-1) requires that its motions be denied even though the Shtayners received actual notice of the citations and then complied with them.

3

"In general," and consistent with Section 2-1402(b-1), "personal service is required for service of a citation to discover assets." *Martin v. C.D. Gray, Inc.*, 110 F.R.D. 398, 401 (N.D. Ill. 1986). However, because "the essence of the service requirements is to provide due process," the failure to effect personal service on a judgment debtor may be excused where it is clear the debtor "received actual notice" of the citation. *Ibid.*; *see also Wachovia Sec., LLC v. Loop Corp.*, 2011 WL 10604426, at *1 (N.D. Ill. May 9, 2011) (same, reasoning: "[T]he service rules exist primarily to ensure that due process requirements are met, and this court has been reluctant to elevate form over substance in these matters. Due process requires reasonable assurance that notice was actually given to the party.") (internal quotation marks and citations omitted); *In re GGSI Liquidation Inc.*, 2007 WL 1958597, at *5 (Bankr. N.D. Ill. July 2, 2007) (same, reasoning: "Illinois law appears to leave the procedure to be followed in supplementary proceedings largely to the judge's discretion. Rule 69(a) does not require this court to apply the entire procedural law of Illinois; rather, this court may proceed in any way that satisfies the requirements of due process.") (internal quotation marks and citations omitted). Because it is beyond dispute that the Shtayners received actual notice of the citations, Signature's failure to effect personal service under Section 2-1402(b-1) does not defeat their motions. *See United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 272 (2010) (excusing the failure to serve a creditor with summons and a complaint, as required by Bankruptcy Rules 7003, 7004, and 7008, reasoning that the creditor received "actual notice of the filing and contents of [the debtor's] plan[, which] more than satisfied [its] due process rights") (emphasis omitted); *United States v. Moya-Gomez*, 860 F.2d 706, 752 (7th Cir. 1988) (holding that a formal defect in the indictment did not warrant vacating a Continuing Criminal Enterprise conviction given that the defendant had "actual notice of the predicate acts on which the government would rely at trial for

conviction under th[at] … count"); *Mendez v. Dentists, P.C.*, 2012 WL 773911, at *5 (N.D. Ill. Mar. 7, 2012) ("Here, as in *Martin*, this court similarly declines to elevate form over substance by requiring personal service upon Republic where it received actual notice of the citation. In addition to receiving a copy of the citation via registered mail, Republic provided two answers to the citation and repeatedly corresponded with Mendez's counsel regarding the terms of the citation over the course of five months. There is no doubt, therefore, that Republic received actual notice of the citation, and the court can glean no benefit from requiring personal service when the demands of due process have been met."), *vacated on other grounds sub nom. Mendez v. Perla Dental*, 2012 WL 2049723 (N.D. Ill. June 6, 2012), *aff'd sub nom. Mendez v. Republic Bank*, 725 F.3d 651 (7th Cir. 2013); *Wachovia Sec., LLC*, 2011 WL 10604426, at *1 ("Because Wachovia served the supplemental citation on [the judgment debtor's] attorney of record in the course of on-going proceedings, there is no doubt that [the debtor] received the required notice. Accordingly, [the debtor's] argument with respect to the service deficiency does not justify the relief requested."); *In re GGSI Liquidation Inc.*, 2007 WL 1958597, at *6 ("The case at bar is similar to the facts in *Martin* … where actual notice was found, and is one in which the purpose of procedural requirements has clearly been served. The citations to discover assets were served on the attorneys who represented the Foreign Defendants in the underlying trial and post-judgment. … It is also clear the Foreign Defendants separately received actual notice of the citations served."); *Martin*, 110 F.R.D. at 401 (holding that where "there is no doubt that [the judgment debtor] has received actual notice … it would be inequitable to quash [a] citation, in spite of deviation from correct procedure").

In any event, the Shtayners waived any objection to Signature's failure to comply with Section 2-1402(b-1). The Shtayners could have objected to the citation proceedings due to

5

Signature's non-compliance, but they instead fully participated by producing documents and sitting for their depositions. The Shtayners accordingly waived any such objection. *See Dominick's Finer Foods, Inc. v. Makula*, 217 B.R. 550, 556 (Bankr. N.D. Ill. 1997) ("[T]he court finds that [the judgment debtor's] agreement to appear for examination and his failure to appear on [the hearing date for his motion to quash service of the citation] express a clear and unequivocal intent to abandon the right to contest the enforceability of the citation. As such, the court finds that [the judgment debtor] waived this argument and the trustee may not assert it here."), *aff'd sub nom. In re Makula*, 172 F.3d 493 (7th Cir. 1999).

## II. The Income and Asset Form

The Shtayners also argue—as to only them, and not as to Entity Judgment Debtors—that because Signature violated Section 2-1402(b-1) by not including a proper Income and Asset Form with the citations, Section 2-1402(c-5) prohibits the issuance of any turnover order, charging order, or writ of execution against them. Doc. 133 at 4-7; Doc. 134 at 4-7. As noted, Section 2-1402(c-5) provides that "[i]f a citation is directed to a judgment debtor who is a natural person, no payment order shall be entered under subsection (c) unless the Income and Asset Form was served upon the judgment debtor as required by subsection (b-1)." 735 ILCS 5/2-1402(c-5). As also noted, Section 2-1402(b-1) provides that "[a]ny citation served upon a judgment debtor who is a natural person … shall include a copy of the Income and Asset Form set forth in subsection (b-5)." 735 ILCS 5/2-1402(b-1). The question here is whether Signature included with the Shtayner citations a copy of the form "set forth in" Section 2-1402(b-5) and, if not, whether its failure to comply defeats its motions.

Section 2-1402(b-5) provides that "[t]he Income and Asset Form required to be served by the judgment creditor in subsection (b-1) shall be in substantially the following form." 735 ILCS 5/2-1402(b-5). The form set forth in the statute reads as follows:

6

Income and Asset Form

To Judgment Debtor: Please complete this form and bring it with you to the hearing referenced in the enclosed citation notice. You should also bring to the hearing any documents you have to support the information you provide in this form, such as pay stubs and account statements. The information you provide will help the court determine whether you have any property or income that can be used to satisfy the judgment entered against you in this matter. The information you provide must be accurate to the best of your knowledge.

If you fail to appear at this hearing, you could be held in contempt of court and possibly arrested.

In answer to the citation proceedings served upon the judgment debtor, he or she answers as follows:

Home:........................................................................................................

Home Phone Number: .............................................................................

Home Address:..........................................................................................

Date of Birth: ............................................................................................

Marital Status:...........................................................................................

I have ......... dependents.

Do you have a job? YES NO

Company's name I work for: ....................................................................

Company's address: ..................................................................................

Job:

    I earn $ ......... per .........

    If self employed, list here your business name and address:

    ............................................................................................................

    Income from self employment is $ ......... per year.

    I have the following benefits with my employer:

    ............................................................................................................

I do not have a job, but I support myself through:

    Government Assistance $........ per month

    Unemployment $........ per month

    Social Security $........ per month

    SSI $........ per month

    Pension $........ per month

    Other $........ per month

Real Estate:

    Do you own any real estate? YES NO

    I own real estate at .........., with names of other owners

    ................................................................................................................

    Additional real estate I own: ....................................................................

    I have a beneficial interest in a land trust. The name and address of the trustee is: ............. The beneficial interest is listed in my name and .........

    There is a mortgage on my real estate. State the mortgage company's name and address for each parcel of real estate owned:

    ................................................................................................................

    An assignment of beneficial interest in the land trust was signed to secure a loan from..................................................................................

I have the following accounts:

    Checking account at ..........;

        account balance $......

    Savings account at..........;

        account balance $......

    Money market or certificate of deposit at ..................................................

    Safe deposit box at ....................................................................................

       other accounts (please identify): ...............................................................

   I own:

       A vehicle (state year, make, model, and VIN):...........................................

       Jewelry (please specify):............................................................................

   Other property described as: ................................................................................

   Stocks/Bonds.........................................................................................................

       Personal computer.......................................................................................

       DVD player.................................................................................................

       Television...................................................................................................

       Stove ..........................................................................................................

       Microwave .................................................................................................

       Work tools..................................................................................................

       Business equipment ...................................................................................

       Farm equipment .........................................................................................

       Other property (please specify): ................................................................

   Signature: ..............................................................................................................

735 ILCS 5/2-1402(b-5).

     Signature attached to the Shtayner citations nothing even remotely resembling that form. Instead, Signature attached "riders" titled "Rider to Signature Financial LLC's Citation to Discover Assets Documents to be Produced by Semyon Shtayner" and "by Yasya Shtayner." Doc. 120-2 at 7-10, 16-19; Doc. 123-2 at 7-10, 16-19. Each rider lists 23 categories of documents the judgment debtor must produce. There is some overlap between the rider's list and the list on the subsection (b-5) form, but, as Signature concedes, the rider does not ask the debtor for her "home phone number, date of birth, marital status, any dependent, and benefits received from employer." Doc. 137 at 4. In addition, the rider does not request information concerning

specified personal property like jewelry, microwaves, stoves, personal computers, DVD players, televisions, work tools, and farm and business equipment. And although the rider makes generalized requests for documents related to bank accounts, real estate, and income, it contains nothing resembling the subsection (b-5) form's particularized inquiries about the existence and status of individual accounts, interests, and income sources. The rider does not provide notices mirroring those on the subsection (b-5) form, bears no visual and organizational resemblance to the subsection (b-5) form, and, unlike the subsection (b-5) form, is framed as a request for production rather than as a series of interrogatories and does not explain its purpose or consequences. It would do unacceptable violence to the word "substantially" to hold that the riders attached to the Shtayner citations are "substantially" in the form of the subsection (b-5) Income and Asset Form.

Signature's failure to include a proper Income and Asset Form with the Shtayner citations has consequences under Section 2-1402(c-5)—"no payment order shall be entered under subsection (c)." 735 ILCS 5/2-1402(c-5). Section 2-1402(c-5)'s prohibition applies only to a judgment debtor who is "a natural person," *ibid.*, so Signature's non-compliance does not impact its request for payment orders as to Entity Judgment Debtors.

At the hearing on its motions, Doc. 138, Signature argued that the Shtayners waived any objection under Section 2-1402(c-5) because they participated fully and without objection in the citation proceedings. Section 2-1402(b-10) provides that "[a]ny action properly initiated under this Section may proceed notwithstanding an absent or incomplete Income and Asset Form." 735 ILCS 5/2-1402(b-10). Given that provision, the Shtayners had no viable objection to producing documents and being deposed, and thus their doing so cannot be understood as having waived for other purposes any argument that the citations were not accompanied by a proper

Income and Asset Form. And by contrast to Section 2-1402(b-10), which allows for the discovery of the judgment debtor's income and assets even absent a proper Income and Asset Form, Section 2-1402(c-5) prohibits the entry of a payment order under those circumstances. Read together, those provisions make clear that while a judgment creditor may proceed with *discovery* absent a proper Income and Asset Form, the creditor may not obtain a payment order.

Finally, Signature argues that even if it failed to attach to the Shtayner citations a compliant Income and Asset Form, the court should nonetheless "enter the turnover [and charging] order[s], permit Signature to reissue the Citations to the Shtayners via their counsel, and make the turnover [and charging] order[s] effective upon service of a new citation on the Shtayners." Doc. 137 at 5-6; *see also* Doc. 136 at 5. But Section 2-1402(c-5) plainly instructs that "no payment order shall be entered under subsection (c) … unless the Income and Asset Form was served." 735 ILCS 5/2-1402(c-5). It thus would be improper for the court to enter any payment order against the Shtayners, even one conditioned on the reissuance of citations accompanied by a compliant Income and Asset Form.

## Conclusion

Signature's motion for issuance of charging orders against the Shtayners' distributional interests in certain limited liability companies is denied, and Signature's motion for a turnover order and writ of execution is granted as to Entity Judgment Debtors and denied as to the Shtayners. The denial of these motions as to the Shtayners is without prejudice to Signature filing renewed motions upon complying with the Income and Asset Form requirements of Sections 2-1402(b-1) and (b-5).

April 28, 2020

_____
United States District Judge

11